UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED FAIROUZ,

                                    Plaintiff,

                -against-

PEERMUSIC, INC.,

                                    Defendant.

26-CV-3594 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated May 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). To allow Plaintiff to effect service of the Second Amended Complaint on Defendant Songs of Peer Ltd. (d/b/a Peermusic) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.

The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the Second Amended Complaint upon Defendant.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. The Clerk of Court is further instructed to issue a summons for Defendant Song of Peer, Ltd., complete the USM-285 form with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:    June 10, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

1.    Songs of Peer  Ltd. (Peermusic)
      901 W. Alameda Ave., Suite 108
      Burbank, CA 91506